*R. D. Smith, J. J. Murray, Fulwood & Murray,* contra.

----

## 3189.  ROBERTS *v.* THE STATE.

While the evidence tending to show a felonious assault as charged in the indictment was weak and unsatisfactory, this court can not say that there was no evidence from which the felonious intent may have been inferred; and, as the question of .intent is so peculiarly one for the determination of the jury, in the absence of any material error of law the verdict will not be disturbed.

DECIDED OCTOBER 10, 1911.

Indictment for assault with intent to rape; from Miller superior court—Judge Worrill.  January 24, 1911.

*P. D. Rich, W. I. Geer,* for plaintiff in error.

*J. A. Laing, solicitor-general, R. R. Arnold,* contra.

HILL, C. J.   The plaintiff in error was indicted for an assault with intent to rape, and was convicted; the jury in the verdict recommending him to the mercy of the court.   His motion for a new trial being overruled, he brings error.   The evidence in substance makes the following case:   The alleged victim of the assault, a girl 16 years old, in the temporary absence of her relatives from home, was staying at the house of the accused, who was a married man.   She testified, that on the day of the alleged assault the wife of the accused was absent from home; that she and four small children were at the house with the accused; that she went into a bedroom to let down a window, leaving the two doors to the bedroom open; that the accused came into the room where she was, and took hold of her and threw her down on the floor; that she attempted to scream, and he put his hand over her mouth and said, "now, dog-gone you, holler;" that he got on top of her, but got up to shut the door, and came back to her and again threw her down on the floor, and, when he again arose to close a door leading into the bathroom, she got up and escaped from the house, and went over to her home near by.   She testified, that he said no word to her except those above quoted, that he did not attempt to unbutton his trousers or to lift her dress, and that this assault took

place while four children, ranging from four to nine years of age, were playing on the front porch right by the room. She further stated that in the scuffle between her and the accused her arm was scratched, but she did not know how it was done. She made no complaint that day, but did make complaint of the assault on the next morning to her aunt. She gave as a reason for not making complaint before that there was no one to whom she was willing to make her complaint except her aunt with whom she was living, but as soon as she saw her aunt next morning she told her; and this statement was fully corroborated by the testimony of the aunt. Two other witnesses also testified, that on the next morning after the alleged assault they saw her crying, and asked her what was the matter, and to one she replied that she could not tell, and to the other she said that the accused had hurt her feelings the day before; that she seemed to be in trouble. The evidence also discloses the fact that there were several houses immediately adjoining the one in which the alleged assault took place. There is some evidence that the accused was drinking on the day of the alleged assault. He introduced no evidence, but denied that he had made any assault whatever upon the girl at any time.

It will be seen, from this brief statement of the substance of the evidence, that the proof of any felonious intent was weak and unsatisfactory. If the accused assaulted the girl at all as described by her, it would be more reasonable to assume that his doing so was for the purpose of overcoming resistance and obtaining a reluctant consent to sexual intercourse, rather than with an intent to commit the crime of rape. As individuals it seems to us incredible that he would have attempted to rape the girl under the circumstances, in the middle of the day, with four children playing near the room, with the doors of the room unlocked, with near-by neighbors, and while his wife was only temporarily absent from home. But the question of intent was one exclusively for determination by the jury, and, where acts were proved from which they could, by the exercise of their unlimited discretion, deduce the intent of the actor, this court can not as a matter of law interfere because in its opinion the conclusion that a felonious intent existed is based upon facts weak and unsatisfactory. Therefore, unless the judge in the trial of the case committed some prejudicial error against the accused, this court has no

right to disturb the verdict on the ground that it was without any evidence to support it. We will consider the grounds contained in the amended motion for a new trial to determine if there was any material or prejudicial error of law committed on the trial.

The first ground of the amended motion is that the judge erred in a colloquy which took place between him and the solicitor-general in the presence of the jury after the defendant's counsel had begun his preliminary statement as to what he expected to show in defense. The solicitor-general took exception to the statement of the defendant's counsel that he expected to show some improper conduct on the part of the girl with another man, objecting to this statement because it was wholly irrelevant and improper to be made to the jury. The judge stated: "I understand counsel to have made a statement as to what he expected to show by proof. What he has stated is not evidence, and should not be considered by the jury, and the jury would not accept a word of it as true unless supported by proof in the case, or by the evidence he offers." It is contended that this interruption by the solicitor-general and this remark of the judge in the presence of the jury "embarrassed and confused" the accused in subsequently making his statement to the jury in the case, and deprived him of his right to a fair and impartial trial; that the expression used by the judge, that the jury would not accept a word of the attorney's statement unless supported by proof in the case or the evidence he offered, led the jury to believe that the judge referred to the statement to be made by the accused, and discredited the force and effect which the jury were authorized to give to such statement. This objection to the remark of the judge is manifestly without any merit. He did not refer to any statement to be made by the accused in his defense. He expressly referred to what counsel stated he expected to prove, and not to what the accused expected to state. The jury could not have understood the remark of the judge, that the preliminary statement of counsel as to what he expected to prove should be sustained by the evidence, as referring to any statement which the accused subsequently made in his defense.

The second objection made is that the judge erred in the following charge: "So take the evidence in this case, in connection with the defendant's statement, measuring the statement under the rule of law the court has given you, determine what the truth of

the matter is, and then let your verdict be in accordance with what you believe to be the truth. There is nothing in this case but the law and the evidence." It is contended that, when the court charged the jury that "there is nothing in this case but the law and the evidence," it destroyed the weight of the statement of the accused and amounted to an instruction by the court for the jury to wholly disregard his statement, and that as the accused did not introduce any evidence, but relied solely upon his statement, it was tantamount to an instruction to the jury not to accept any part of his statement. The language specifically objected to, that "there is nothing in the case but the law and the evidence," shows by the context of the charge that the learned trial judge was referring to the duty of the jury to disregard any sympathy or public sentiment, and to be guided solely by the evidence. Immediately preceding this general statement the judge instructed the jury that they were authorized to believe the statement of the accused in preference to the evidence, if they believed it to be the truth.

In the third place, it is insisted that the court erred in not charging section 102 of the Penal Code of 1910, defining the offense of battery. While there was evidence of a battery, yet the indictment did not charge any battery. It simply charged an assault with intent to commit rape, and the jury could not legally, under this indictment, have found the accused guilty of assault and battery, even if they believed that the evidence showed that the offense amounted to nothing more than assault and battery. The judge did charge that, if they saw proper under the evidence, they could find the accused guilty of simple assault. This charge was more favorable to the accused than the evidence warranted, for under the evidence the jury could not have found him guilty of an assault, it being proved that the assault was accompanied by a battery.

The objections made to the rulings on the admission of testimony are without any merit. The portion of the testimony of the girl which gave her reasons for remaining at the house of the accused the night after she had been assaulted was admissible as explanatory of her conduct, in view of the alleged assault, and the judge restricted the evidence to this purpose.

The testimony that the accused was drinking at the time of the

alleged assault was admissible for the purpose of showing a condition of mind which might have rendered him reckless of consequences.

The alleged newly discovered testimony is purely impeaching in character, and on a second trial would not probably produce a different verdict. We find no legal error, and, while the evidence is not entirely satisfactory to us as individuals, we can not say from a juridic viewpoint,that the verdict is contrary to law, in that there was no evidence whatever to support it.

*Judgment affirmed.*