19738.   JOHNSON *v.* THE STATE.

DECIDED JUNE 11, 1929.

*H. A. Allen, J. C. Miner,* for plaintiff in error.
*John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

LUKE, J.   The defendant, Remus Johnson, was charged with murder and was convicted of voluntary manslaughter.   He assigns error upon the overruling of his motion for a new trial.

There was evidence that the deceased, G. W. Brown, and his brother went to the house of the defendant and purchased from him

a quart of whisky; that they then went away and, together with a negro, drank the whisky; that they then came back to the defendant's house to get more whisky, and, on the back porch of the house, had some words with the defendant's wife; that the defendant came out, and an argument and scuffle ensued between him and the two Browns; that he shot G. W. Brown with a pistol, inflicting a wound from which Brown died, and that the defendant was hit on the head with something. No witness swore that the deceased or his brother had a deadly weapon, or any weapon at all; but the defendant stated that he was hit with something, but "never did see what he hit me with." The evidence further showed that when the officers came to arrest the defendant he was drinking, and a man who was in defendant's house with him was drunk; and that the defendant's wife came in the house with some whisky and defendant told the officer that it was his, defendant's, whisky.

■ The first special ground of the motion for a new trial alleges that the court erred in permitting a witness for the State to testify, over objection, that the defendant was drinking at the time of the shooting. It is a matter of human experience that with many men drinking is at least conducive to violent conduct; and this evidence was admissible to show motive. "Evidence to show motive is always relevant and admissible." *Wall* v. *State,* 153 *Ga.* 309 (112 S. E. 142). And "the testimony that the accused was drinking at the time of the alleged assault was admissible for the purpose of showing a condition of mind which might have rendered him reckless of consequences." *Roberts* v. *State,* 9 *Ga. App.* 807 (72 S. E. 287).

■ The second special ground of the motion alleges that the court erred in permitting a witness for the State to testify, over objection, that "he (defendant) said it was his whisky, and that he sent her out after it," referring to the whisky brought into defendant's house by his wife after the shooting. As held in the preceding paragraph, drinking tends to show motive, and the evidence here complained of tends to corroborate the evidence as to the defendant's drinking. See *Mulligan* v. *State,* 18 *Ga. App.* 464 (12) (89 S. E. 541). Furthermore, this evidence would have been admissible, after the defendant had made his statement, to rebut his statement that he had no whisky.

■ Special grounds 3 and 7 allege that the court erred in charg-

ing on voluntary manslaughter. When it is considered that there was evidence of an "argument" and a "scuffle"—mutual combat, and that no witness swore that the deceased or his brother had a weapon likely to produce death with which they could have made a felonious assault upon defendant, and that the defendant did not claim in his statement that he was attacked with a deadly weapon, we are constrained to hold that the court was authorized to charge on voluntary manslaughter. "When the defense to an indictment for murder was that the accused did the killing under the fears of a reasonable man that a felony was about to be committed upon him, and his own statement at the trial left it open to question whether the alleged assault upon him therein set up as the ground of that fear was, as the same appeared to him at the time of the homicide, felonious or of a less serious nature, and when, in view of all the evidence and the statement, the jury would have been warranted in finding that the accused really did not entertain any such fear, but that there was a minor assault upon him sufficient to justify the excitement of passion, it was not erroneous to charge upon the law of voluntary manslaughter." *Chestnut* v. *State*, 112 *Ga.* 366 (4) (37 S. E. 384). See also *Grinstead* v. *State*, 37 *Ga. App.* 118 (139 S. E. 120), where it is held that if there is anything deducible from the defendant's statement or from the evidence tending to show that he was guilty of voluntary manslaughter, or that would be sufficient to raise a doubt as to this grade of homicide, the court is authorized to charge upon voluntary manslaughter.

■ The fourth special ground alleges that the court erred in failing to charge the law relative to "forcible attack and invasion on the property or habitation of another as embodied in section 72 of the Penal Code." While the failure so to charge was error, we do not think, under the record before us, that such a charge would have produced a different verdict, and therefore we hold that it is not cause for reversal. The record shows that the *purpose* of the deceased in going to the house of the defendant was not forcibly to attack or invade his property or habitation, but to get whisky. Furthermore, the record shows that the alleged attack of the deceased on the defendant was on his person rather than on his habitation; and the defendant in his statement made no claim that he shot in defense of his habitation, but did state that he shot in defense of "self," and that he had to do something to protect himself.

The substance of the defendant's defense as made by his statement was that he shot in defending against an assault upon himself, rather than in defense of his habitation. He stated: "I done it in self-defense." Where the evidence shows that the deceased went to the defendant's home to buy whisky, and an argument and fight between the defendant and the deceased took place on the defendant's back porch, and the defendant in his statement at the trial said that he shot the deceased in self-defense, and there was no request for a charge of section 72 of the Penal Code on the law relative to. defense of property and habitation, the failure of the court so to charge does not require a new trial.

■ The court did not err in charging that "justifiable homicide is the killing of a human being in self-defense, or in defense of habitation, property, or person, against one who manifestly intends or endeavors, by violence or surprise, to commit a felony on either." See section 70 of the Penal Code. The failure to charge further in reference to habitation is covered by our discussion of ground 4.

■ The court did not err in charging the jury that "If a person were to attempt a serious personal injury upon another with his hand, or without a weapon likely to produce death, this would not usually be a felony." This charge was authorized because no witness swore that the deceased had a deadly weapon, and the defendant in his statement said that he did not know what he was hit with. The court plainly charged that if there was an attempt to commit a serious injury upon the defendant with a weapon likely to produce death, with intent to kill, the defendant would be justifiable. The court did not intimate what weapon the de-. ceased had, or that he had any at all, but simply charged the law that was applicable. He charged what would usually be a felony, and what would not be a felony; and his definition of a felony as used in the charge was correct.

■ The excerpt from the charge complained of in the 8th ground of the motion for a new trial, when considered in connection with the remainder of the charge, in the absence of a request for a different charge on justifiable homicide, was not error.

■ The conviction of the defendant was authorized by the evidence, and for no reason pointed out in the record did the court commit error in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*