27310.   PARKER *v.* THE STATE.

DECIDED FEBRUARY 14, 1939.

*H. A. Allen, John G. Morris Jr.,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, Quincy O. Arnold;* contra.

BROYLES, C. J. The defendant was tried on an indictment for murder and convicted of voluntary manslaughter. The only assignment of error in the bill of exceptions is upon the refusal to grant a new trial. The first special ground of the motion for new trial complains of the overruling of a motion to declare a mistrial based upon alleged inflammatory, prejudicial, and irrelevant statements made by the solicitor-general in his opening address to the court and jury, in which he merely outlined the contentions of the State and what he expected to prove by the evidence to be introduced. It is obvious from the record that the facts which the solicitor-general stated he would prove tended to show a motive by the accused for the killing, and "On the trial of defendant for murder, all the testimony going to show motive is material to the issue, because there can be no murder without malice and no malice without motive." *Fraser* v. *State,* 55 *Ga.* 325. "In 3 Bishop's Crim. Proc. (2d ed.), § 629 (4), it is said: 'Any motive rendering the killing probable or explaining it against inherent improbabilities, or otherwise helpful to the jury, may be proved against the defendant.' And see *Frank* v. *State,* 141 *Ga.* 243 (2b) (80 S. E. 1016) ; *Williams* v. *State,* 152 *Ga.* 498, 503 (110 S. E. 286)." *Bradberry* v. *State,* 170 *Ga.* 859, 863 (154 S. E. 344). In *Johnson* v. *State,* 39 *Ga. App.* 836 (148 S. E. 610), this court held: "Evidence that the defendant had whisky in his house soon after the homicide tends to corroborate evidence that he was drinking at the time of the shooting; and is admissible to 'show a condition of mind which might have rendered him reckless of consequences,' and therefore tended to show motive." In *Coart* v. *State,* 156 *Ga.* 536 (2) (119 S. E. 723), the Supreme Court stated: "As a general rule, evidence which shows or tends to show that one accused of crime has committed another offense wholly independent from the crime for which he is on trial is irrelevant and immaterial. There are exceptions to this rule; among them is that evidence showing or tending to show the commission of crime other than that for which the accused is on trial may be admitted for the purpose of showing motive, plan, or scheme. Under the foregoing exception, evidence to the effect that the defendant, who was accused of the crime of murder, had kissed and embraced the wife of the

deceased at his home five months prior to the killing, and this was followed later by professions of affection and an effort to get the wife of the deceased to write to him, as well as by visiting her, as well as the fact that the attentions of the accused were continued until the evening of the day before the deceased was mortally wounded by the defendant, and that during that evening the defendant endeavored to make love to the wife of the deceased, and depreciated and bemeaned his own wife, and asked the wife of the deceased to promise him that if she was ever free she would let him know it, was relevant to the question of motive, and might be of some probative value as 'tending to show' that the defendant's motive for killing the deceased was the desire to possess his wife." In the instant case the proposed evidence was admissible as it tended to show the defendant's motive for killing the deceased; and the statements made by the solicitor-general in connection therewith were not inflammatory or improper. It is not alleged in the ground that the facts which the solicitor stated he expected to prove were not proved. The ground is without merit.

Special ground 2 excepts to the refusal to grant a mistrial because a witness for the State, in reply to the question, "Why did you tell Mr. Parker to go home?" said "Because he wanted to play with my little girl too much." The ground is not complete and understandable within itself and fails to show error.

Special grounds 3, 4, 5, and 7 (complaining of the admission of evidence) are controlled by our ruling on the first special ground and are without merit. The excerpt from the charge, excepted to in special ground 6, when considered in the light of the entire charge and the facts of the case, shows no cause for a reversal of the judgment. The verdict was authorized by the evidence.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*